UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**     **CRIMINAL ACTION**

**VERSUS**     **No. 11-70**

**GEMAYEL PIPKINS**     **SECTION I**

### ORDER & REASONS

Before the Court is defendant Gemayel Pipkins's motion[1] for early termination of supervised release pursuant to the "second chance act." Pipkins also asks the Court to "apply" any law that may have been recently passed which would "reduce his sentence."[2] Finally, Pipkins requests that the Court appoint counsel to aid him, and to waive any filing fees that might apply.[3] The government opposes the motion, as does the United States Probation Officer assigned to Pipkins.[4]

First, the Court denies the motion for appointment of counsel. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). While, in certain circumstances, a court may appoint counsel to aid a defendant in post-conviction proceedings, such appointment is only done where the interests of justice so require. *See, e.g.*, *United*

---

[1] R. Doc. No. 457.
[2] *Id.* at 1.
[3] *Id.*
[4] R. Doc. No. 459, at 1 (noting that the probation officer "believe[s] more time on supervision will aid Pipkins's successful, unsupervised return to society").

*States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). And, at least one circuit has concluded, because a defendant moving for early termination of supervised release does not "face[] a loss of liberty or . . . an extension or revocation of a term of supervised release," it is not an abuse of discretion to deny counsel. *United States v. Easton*, 755 F. App'x 916, 919 (11th Cir. 2018). Pipkins's motion is a simple one; appointing counsel is unnecessary.[5]

Next, the Court concludes that early termination of Pipkins's term of supervised release is inappropriate at this time. "Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a), 'it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Allen*, No. 09-77, 2021 WL 1110973, at *1 (E.D. Tex. Mar. 23, 2021) (quoting 18 U.S.C. 3583(e)(1)). "District courts enjoy considerable discretion in determining when the interests of justice warrant early termination, and courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *Id.* at *2 (gathering cases) (quotation omitted).

As the government acknowledges, Pipkins has been under supervision for approximately two-and-a-half years of a ten-year term.[6] While the Court does not

---

[5] Pipkins's term of imprisonment was previously reduced to reflect an amended guideline range. R. Doc. No. 354. As noted, Pipkins's instant motion includes a request that the Court apply any law that might reduce his sentence; it does not, however, identify any statute.

[6] R. Doc. No. 459, at 1.

dismiss completely the possibility that, at some point, early termination may be appropriate, it agrees with Probation; Pipkins would benefit from more time under supervision. The Court sees no reason to terminate supervision at this time. Accordingly,

**IT IS ORDERED** that the motion for early termination and for appointment of counsel is **DENIED**.

**IT IS ORDERED** that the motion to waive filing fees is **DISMISSED AS MOOT**.

New Orleans, Louisiana, July 20, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**